UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MINTED, LLC, a Delaware LLC; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  22-CV-1560 TWR (KSC)<br><br>**AMENDED ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>(ECF Nos. 3, 4) |

　　　　Presently before the Court is Plaintiff Miguel Esparza's putative First Amended Class Action Complaint against Defendant Minted, LLC alleging violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631 and 632.7. (*See generally* ECF No. 4 ("FAC")), filed in response to the Court's October 20, 2022 Order to Show Cause Why This Action Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction.  (*See* ECF No. 3 ("OSC").)  As the Court noted in its original Order to Show Cause, (*see* OSC at 1–2), "[f]ederal courts are courts of limited jurisdiction.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  A federal "court has an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Id.* (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff alleges that "[t]his Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005" ("CAFA"). (*See* Compl. ¶ 1.)  Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d)(2)(A).

Here, Plaintiff alleges that "there is at least minimal diversity because at least one Plaintiff and Defendant are citizens of different states."  (*See* FAC ¶ 1.)  Specifically, Plaintiff alleges that "Plaintiff is a resident and citizen of California," (*see id.* ¶ 4), while "Defendant is a Delaware limited liability company." (*See id.* ¶ 5.)  For purposes of CAFA, however, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  *See* 28 U.S.C. § 1332(d)(10).  Accordingly, Plaintiff must also allege Defendant's principal place of business.

In the event that Defendant's principal place of business is California—which appears likely given Plaintiff's amended allegations indicating that Defendant's managers and/or members are all located in San Francisco, California, (*see* FAC ¶ 5)—the Court will be confronted with issues of mandatory and discretionary abstention.  Under CAFA, the Court "shall decline to exercise jurisdiction" in two circumstances.  First, under the "home state" exception, the Court must decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State" of California.  *See* 28 U.S.C.A. § 1332(d)(4)(B).  Second, under the "local controversy" exception, the Court is required to decline jurisdiction:

    (i)    over a class action in which--

        (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State [of California];

        (II)    at least 1 defendant is a defendant--

            (aa)    from whom significant relief is sought by members of the plaintiff class;

            (bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

            (cc)    who is a citizen of the State [of California]; and

        (III)    principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State [of California]; and

    (ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A).

As far as discretionary abstention, the Court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State" of California.  *See* 28 U.S.C. § 1332(d)(3).  The Court is required to consider the following factors in determining whether to abstain under 28 U.S.C. § 1332(d)(3):

    (A)    whether the claims asserted involve matters of national or interstate interest;

    (B)    whether the claims asserted will be governed by laws of the State [of California] or by the laws of other States;

/ / /

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State [of California] in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within fourteen (14) days of the electronic docketing of this Order why this action should not be dismissed for lack of subject-matter jurisdiction. Specifically, Plaintiff **SHALL FILE** a further amended complaint alleging Defendant's principal place of business. In the event that Defendant's principal place of business be California, Plaintiff also **SHALL FILE** a response, not to exceed fifteen (15) pages, addressing why mandatory or discretionary abstention is not warranted under the above standards. *Should Plaintiff fail timely and adequately to respond to this Order, the Court shall dismiss without prejudice this action pursuant to 28 U.S.C. § 1332(d), Federal Rule of Civil Procedure 12(h)(3), and Civil Local Rule 83.1(a).*

**IT IS SO ORDERED.**

Dated: October 25, 2022

_____
Honorable Todd W. Robinson
United States District Judge